IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>  Petitioner,<br><br>  v.<br><br>BOARD OF PAROLE HEARINGS,<br><br>  Respondent. | No. 2:22-CV-1910-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 19. Petitioner has filed an opposition, ECF No. 20.

**I. BACKGROUND**

Petitioner states in his petition that he was convicted in the Alameda County Superior Court for rape, oral copulation, and kidnapping, and sentenced to a determine term of 35 years in prison. See ECF No. 1, pg. 1. Petitioner was later convicted in the San Bernardino County Superior Court for inmate possession of a weapon as a third strike and sentenced to an indeterminate sentence of 25 years to life, such sentence to commence in 2024. See id. at 2-3. Petitioner states that, due to his age and the number of years already served in prison, he is entitled to elder prisoner parole consideration before the Board of Parole Hearings. See id. at 9.

Petitioner states that he appeared for such a hearing in August 2021 and received a seven-year denial.  See id.  Petitioner claims that he was denied the effective assistance of counsel at the August 2021 parole hearing.  See id.  He also claims that he was denied procedural due process by the Board of Parole Hearings.  See id.  Petitioner asks the Court to order the Board of Parole Hearings to "withdraw its seven (7) year denial and to conduct additional consideration consistent with California law in determining if parole should be granted."  Id.

## II.  DISCUSSION

In its motion to dismiss, Respondent argues: (1) Petitioner fails to state a federal claim upon which habeas relief can be granted; and (2) Petitioner's due process claim is unexhausted.  See ECF No. 19.

**A.  Failure to State a Federal Habeas Claims**

Respondent contends Petitioner's ineffective assistance of counsel claim necessarily fails because Petitioner does not have a constitutional right to counsel at a parole hearing.  See id. at 3-4.  Respondent also argues that Petitioner's due process claim necessarily fails because the claim amounts to a challenge to state law not cognizable on federal habeas review.  See id. at 4-5.  Respondent further argues that the due process claim is not sufficiently pleaded.  See id. at 8-9.

1.  Ineffective Assistance of Counsel

As Respondent correctly notes, in order to raise a claim of ineffective assistance of counsel on federal habeas review, Petitioner must have a constitutional right to counsel at a parole hearing.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991).  Here, there is no constitutional right to counsel at a parole hearing which has been recognized by the United States Supreme Court.  See Dorado v. Kerr, 454 F.2d 892, 896-97 (9th Cir. 1972); Nichols v. Pfeiffer, 2019 WL 40144426, at *4 (C.D. Cal. 2019).  To the extent Petitioner has a state right to counsel at a parole hearing, Petitioner's claim sounds in state law and is not cognizable on federal habeas review.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam).

///

The Court agrees with Respondent that Petitioner's ineffective assistance of counsel claim must be dismissed.

    2.  <u>Procedural Due Process</u>

Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. <u>Id.</u> at 7.  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .
>
> <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011) (per curiam) (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." <u>Ibid.</u> Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted). That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> <u>Id.</u>

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

According to Respondent, Petitioner's due process claim is insufficient because he may only challenge whether he was denied the procedural protections of notice and an opportunity to be heard and, in this case, Petitioner does not so allege. See ECF No. 19, pgs. 4-5. The Court agrees. Here, Petitioner does not state how his due process rights were violated in the context of the medical parole hearing. Nor does Petitioner specifically claim that he was denied notice or an opportunity to be heard. Thus, as currently pleaded, Petitioner's due process claim fails to state a claim upon which federal habeas relief can be granted.

Respondent also argues that, even if the due process claim was sufficiently pleaded, Petitioner cannot proceed on the claim because it does not invoke this Court's habeas corpus jurisdiction. See id. at 5. This argument is also persuasive. For claims relating to parole, federal habeas jurisdiction lies only if success on the claim "necessarily leads to a grant of parole." Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016). Here, Petitioner asks the Court to order a new parole consideration hearing. See ECF No. 1, pg. 9. Thus, as Respondent notes, Petitioner's claim is not cognizable.

The Court agrees with Respondent that Petitioner's due process claim must also be dismissed.

   B.   **Exhaustion**

Respondent asserts that, even if Petitioner could state a cognizable due process claim, the claim must be dismissed as unexhausted. See ECF No. 19, pgs. 6-7.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

///

///

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004).[3] Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

Citing state court filings, Respondent contends that Petitioner failed to fairly present his due process claim to the state court because he did not provide the court with a complete copy of the parole hearing transcript and, as a result, the state court could not determine whether Petitioner's claim had merit. See ECF No. 19 pg. 7. Essentially, this resulted in a procedural default in state court. See id. The California Court of Appeal assumed that the claim has been properly presented and denied it on the merits. See id. The California Supreme Court also denied the claim on the merits. See id.

///

---

[3] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

Given, as discussed above, the Court finds that the due process claim is not cognizable, it is not necessary to address the more complex issues of procedural default and exhaustion, and the Court does not do so here. Suffice it to say that Petitioner's due process claim is not cognizable and should be dismissed for this reason alone as discussed above.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 19, be GRANTED and that all other pending motions, ECF Nos. 17 and 18, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 25, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE